IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00751-ZLW-CBS

KENNETH W. SATTERFIELD,

    Plaintiff,

v.

LOREN E. ENNIS,
LOGAN JEFFREY DAVIS,
LINDA DALY,
WILLIAM UPHOLD,
DDUE LLC, f/k/a GRAND VALLEY ESTATES DEVELOPMENT COMPANY, LLC, and
GRAND VALLEY ESTATES DEVELOPMENT, LLC,

    Defendants.

## ORDER

The matter before the Court is Defendants' Motion To Dismiss Crossclaim.[1] Defendants Logan Jeffrey Davis, Linda Daly, William Uphold, DDUE LLC, and Grand Valley Estates Development, LLC (collectively, the Grand Valley Defendants) move to dismiss the two crossclaims asserted by Defendant Loren E. Ennis pursuant to Fed. R. Civ. P. 12(b)(6). The Court has determined that the motion may be determined on the parties' papers without a hearing.

This action involves a series of disputes concerning the sale and development of a tract of real property. Ennis asserts two crossclaims. The first, a crossclaim against Davis, appears to be a state-law claim for indemnity. Ennis alleges that Davis was "involved as a principal in the formation of Grand Valley Estates Development Co.,

---

[1] While the motion is entitled "Defendants'" motion to dismiss, Defendant Ennis is not a moving party.

LLC," that Davis was "a party to all of the transactions" involving the purchase of the subject property and was "involved in the development" of the property, and that Davis "participated in any representations made to Plaintiff" about the role of Defendant Grand Valley Estates Development, LLC in purchasing the property.[2]  Based on these allegations, Ennis asserts that "if Plaintiff is entitled to any recovery on his claims, Mr. Davis should share equally with [Ennis] in the payment of such recovery," and Ennis "is entitled to be indemnified by Mr. Davis for at least one half of any award of damages against Defendant in favor of Plaintiff."  However, in Brochner v. Western Ins. Co.,[3] the Colorado Supreme Court held that the Uniform Contribution Among Tortfeasors Act, Colo. Rev. Stat. § 13-50.5-102 (UCATA), abrogated indemnity actions which would require "one of two joint tortfeasors to reimburse the other for the entire amount paid by the other as damages to a party injured as the result of the negligence of both joint tortfeasors."[4]  Thus, a joint tortfeasor's "sole remedy lies in contribution pursuant to the [UCATA]."[5]  All of Plaintiff's claims against Ennis are tort claims.  Accordingly, Ennis' crossclaim against Davis should have been pleaded as a claim for contribution rather than indemnity.  Ennis may amend to re-plead his claim as one for contribution.

Ennis' second crossclaim appears to assert claims for unjust enrichment, indemnity, and possibly breach of fiduciary duty[6] against the Grand Valley Defendants.

---

[2] All of the above citations refer to Ennis' Answer To First Amended And Supplemental Complaint And Jury Demand And Crossclaim, Doc. No. 14-2, at 3.

[3] 724 P.2d 1293 (Colo. 1986).

[4] Id. at 1299.

[5] Id.

[6] Although Ennis alleges that the Grand Valley Defendants have a fiduciary duty to him, he does not expressly allege that they breached this duty.

Ennis' only factual allegations applicable to this crossclaim are that the Grand Valley Defendants assumed ownership of and developed the subject property, and that Ennis was a member and part-owner of the predecessor of the two LLC Defendants. Based solely on these allegations, Ennis pleads that the Grand Valley Defendants will be unjustly enriched if they are able to retain profits from the development of the property, that the Grand Valley Defendants owe a fiduciary duty to Ennis, and that the Grand Valley Defendants should indemnify Ennis if he is held liable to Plaintiff.

Under the most recent Rule 12(b)(6) standard enunciated by the U.S. Supreme Court and the Tenth Circuit Court of Appeals, "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[7] "'[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"[8] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief,"[9] and claims which are no more than "labels and conclusion" are insufficient.[10] Here, Ennis has not alleged sufficient facts to suggest that he is entitled to relief under the asserted legal theories. Ennis must, at the very least, allege some wrongful conduct by the Grand Valley Defendants which could plausibly constitute the

---

[7] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

[8] Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

[9] Id. (quoting Bell Atlantic, 127 S. Ct. at 1965).

[10] Id. (quoting Bell Atlantic, 127 S. Ct. at 1965).

3

torts identified.[11]  Thus, the second crossclaim will be dismissed with leave to amend to state one or more crossclaims[12] against the Grand Valley Defendants which are supported by factual allegations satisfying the above-described pleading standards and which thus provide "'fair notice' of the nature of the claim" and the "'grounds' on which the claim rests."[13]  Accordingly, it is

ORDERED that Defendants' Motion To Dismiss Crossclaim (Doc. No. 10) is granted, and Loren E. Ennis' crossclaims are dismissed with 20 days leave to amend. It is

FURTHER ORDERED that the hearing previously set for July 15, 2008, on Defendants' Motion To Dismiss Crossclaim (Doc. No. 10) is vacated.

DATED at Denver, Colorado, this  2nd   day of July, 2008.

BY THE COURT:

*[signature]*

ZITA . WEINSHIENK, Senior Judge
United States District Court

---

[11] Further, it appears that the indemnity claim should have been pleaded as a contribution claim for the reasons discussed above.

[12] Each claim should be stated separately, not aggregated under one claim heading as Ennis has done here.  See Fed. R. Civ. P. 10(b).

[13] Robbins, 519 F.3d at 1248 (quoting Bell Atlantic, 127 S. Ct. at 1974).

4