IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00751-ZLW-CBS

KENNETH W. SATTERFIELD,

    Plaintiff,

v.

LOREN E. ENNIS,
LOGAN JEFFREY DAVIS,
LINDA DALY,
WILLIAM UPHOLD,
DDUE LLC, f/k/a GRAND VALLEY ESTATES DEVELOPMENT COMPANY, LLC, and
GRAND VALLEY ESTATES DEVELOPMENT, LLC,

    Defendants.

---

ORDER

---

The matter before the Court is Plaintiff's Motion To Dismiss The Grand Valley Defendants' "First Amended Counter-claim." The Court has determined that the motion may be determined on the parties' papers without a hearing.

This action involves a series of disputes concerning the sale and development of a tract of real property. The First Amended Counterclaim and Cross-claim filed by Defendants Logan Jeffrey Davis, Linda Daly, William Uphold, DDUE LLC, and Grand Valley Estates Development, LLC (collectively, Grand Valley Defendants) includes a claim for abuse of process against Plaintiff Kenneth W. Satterfield and Defendant Loren E. Ennis. Plaintiff moves to dismiss that counterclaim.[1]

---

[1] The abuse of process claim is a cross-claim as against Defendant Ennis, who has not joined in the present motion.

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[2] "'[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"[3] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief,"[4] and claims which are no more than "labels and conclusion" are insufficient.[5]

The elements of a claim for abuse of process are: (1) an ulterior purpose for the use of a judicial proceeding, (2) willful action in the use of that process which is not proper in the regular course of the proceedings, and (3) resulting damages.[6] The Grand Valley Defendants' abuse of process claim alleges that Plaintiff's claims, and Ennis' cross-claims,[7] "are devoid of actual support" and "have no basis in law."[8] The abuse of process claim goes on to allege that "[t]he purpose of Satterfield's and Ennis claims is to harass the Grand Valley Defendants and to effectuate improper objectives.

---

[2] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

[3] Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

[4] Id. (quoting Twombly, 127 S. Ct. at 1965).

[5] Id. (quoting Twombly, 127 S. Ct. at 1965).

[6] Lauren Corp. v. Century Geophysical Corp., 953 P.2d 200, 202 (Colo. App. 1998).

[7] Since the filing of the Grand Valley Defendants' abuse of process claim, Ennis has filed amended cross-claims (Doc. No. 48). However, because Ennis has not joined in the present motion, the Court does not herein address the effect of his amended cross-claims on the abuse of process claim.

[8] Counterclaim and Cross-claim (Doc. No. 32) at 12.

Satterfield and Ennis have engaged in conduct which is not proper in the course of a civil action . . . . Satterfield and Ennis' conduct has been undertaken for ulterior purposes."[9] The only elaboration upon the alleged "ulterior purposes" and "improper objectives" is the Grand Valley Defendants' allegation that Plaintiff filed his claims against them "solely to extort money from them through wrongful litigation tactics."[10] There is no explanation, either in the claim itself or in the Grand Valley Defendants' response brief, as to what the alleged "wrongful litigation tactics" are or were.

The Grand Valley Defendants' allegation that the claims against them are "baseless" does not, without more, constitute an abuse of process claim.[11] To the extent that the allegation of "exort[ion]" is an attempt to allege that Plaintiff and Ennis filed their claims in order to extract a settlement from the Grand Valley Defendants, such an allegation also does not support an abuse of process claim.[12] The Grand Valley Defendants' mere recitation of the elements of an abuse of process claim is insufficient to overcome the present motion to dismiss.[13] Ultimately, the abuse of process claim consists of only labels and conclusions, and the claim is not "plausible on its face" because there are no facts alleged to support those labels and conclusions. Further, there is nothing in the Grand Valley Defendants'

---

[9] Id. at 12-13.

[10] Id. at 10.

[11] See Allstate Indemnity Co. v. Salazar, 2007 WL 1725286, *5 (D. Colo. June 13, 2007).

[12] See id.

[13] See Tax Servs. of America, Inc. v. Mitchell, 2007 WL 4522472 (D. Colo. Dec. 18, 2007).

response brief indicating that an amendment of the abuse of process claim could cure the lack of supporting factual matter in the pleading.

Accordingly, it is

ORDERED that Plaintiff's Motion To Dismiss The Grand Valley Defendants' "First Amended Counter-claim" (Doc. No. 42) is granted, and the Grand Valley Defendants' counterclaim for abuse of process is dismissed. It is

FURTHER ORDERED that the hearing previously set for September 2, 2008, on Plaintiff's Motion To Dismiss The Grand Valley Defendants' "First Amended Counter-claim" (Doc. No. 42) is vacated.

DATED at Denver, Colorado, this  25th  day of August, 2008.

BY THE COURT:

_____
ZITA . WEINSHIENK, Senior Judge
United States District Court