IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 08-cv-00751-ZLW-CBS

KENNETH W. SATTERFIELD,

    Plaintiff,

v.

LOREN E. ENNIS,
LOGAN JEFFREY DAVIS,
LINDA DALY,
WILLIAM UPHOLD,
DDUE LLC, f/k/a GRAND VALLEY ESTATES DEVELOPMENT COMPANY, LLC, and
GRAND VALLEY ESTATES DEVELOPMENT, LLC,

    Defendants.

## ORDER

The matter before the Court is Defendants' Motion To Dismiss Ennis' Amended Crossclaim. The Court has determined that the motion may be determined on the parties' papers without a hearing.

This action involves a series of disputes concerning the sale and development of a tract of real property. On May 5, 2008, Defendants Logan Jeffrey Davis, Linda Daly, William Uphold, DDUE LLC, and Grand Valley Estates Development, LLC (collectively, Grand Valley Defendants) moved to dismiss Defendant and Cross-claimant Loren Ennis' original Cross-claim against them. The Court granted that motion with leave to amend on July 2, 2008. On the same date, the Court granted Ennis' attorney's motion to withdraw, which Ennis did not oppose. On July 16, 2008, Ennis filed, *pro se*, Ennis' Amended Crossclaim Pursuant To Order Dated July 2, 2008 (Amended Cross-claim). The Grand Valley Defendants now move to dismiss Ennis' Amended Cross-claim.

**I.      Legal Standard**

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'"[1] "'[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"[2] "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief,"[3] and claims which are no more than "labels and conclusion" are insufficient.[4] Although the Court has construed Ennis' pleading liberally because he is proceeding *pro se*,[5] the Court does not act as his advocate,[6] and Ennis must follow the applicable rules of procedure.[7]

**II.     Contribution Claim**

Ennis' first cross-claim is one for contribution against Logan Jeffrey Davis only. Under Colorado's Uniform Contribution Among Tortfeasors Act, Colo. Rev. Stat. § 13-50.5-101 *et. seq.* (UCATA), "where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful

---

[1] Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

[2] Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original)).

[3] Id. (quoting Twombly, 127 S. Ct. at 1965).

[4] Id. (quoting Twombly, 127 S. Ct. at 1965).

[5] See Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

[6] See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[7] See id.

death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."[8] However, the right of contribution "exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability."[9] Additionally, "[t]here is no right of contribution in favor of any tortfeasor who has intentionally, willfully, or wantonly caused or contributed to the injury or wrongful death."[10]

Plaintiff's two claims for relief against Ennis are for unjust enrichment (first claim for relief)[11] and civil conspiracy (eighth claim for relief).[12] However, unjust enrichment is an equitable claim,[13] not a tort claim, and thus it is not covered by the UCATA. Further, Plaintiff's civil conspiracy claim against Ennis is not subject to contribution under the UCATA because it is premised upon Plaintiff's allegation of Ennis' (and the other Defendants') willful and wanton intent to defraud Plaintiff.[14] Accordingly, Ennis' cross-claim for contribution against the Grand Valley Defendants fails as a matter of law.

## III. Unjust Enrichment Claim

---

[8] Colo. Rev. Stat. § 13-50.5-102(1).

[9] Colo. Rev. Stat. § 13-50.5-102(2).

[10] Colo. Rev. Stat. § 13-50.5-102(3).

[11] See First Amended And Supplemental Complaint And Jury Demand (Doc. No. 1) at 7.

[12] See id. at 12.

[13] See Salzman v. Bachrach, 996 P.2d 1263, 1265 (Colo. 2000).

[14] See First Amended And Supplemental Complaint And Jury Demand (Doc. No. 1) at 12; Colo. Rev. Stat. 13-50.5-102(3).

Ennis' second cross-claim is one for unjust enrichment against the Grand Valley Defendants. In support of this claim, Ennis alleges as follows. Ennis and Davis together formed Grand Valley Estates Development Co., LLC (GVED), which was the developer of the property which is the subject of Plaintiff's claims against Ennis.[15] Later, Daly and Uphold joined GVED, at which point Davis, Daly, Uphold and Ennis all had equal ownership interests and management authority in GVED.[16] All four members participated in developing the subject property.[17] "During the development process, Davis, Daly and Uphold had disputes with Ennis and expelled him from membership in GVED."[18] Davis, Daly and Uphold later formed successor entities (DDUE, LLC and Grand Valley Estates Development, LLC) and transferred all or part of GVED's assets into those entities.[19] Based on these allegations, Ennis contends that he is "entitled to 25% of the profits earned from the operation of GVED and to 25% of the current value of GVED and its successors," and that if the Grand Valley Defendants do not pay him these profits and assets they will be unjustly enriched.[20] Ennis further contends that if the Grand Valley Defendants "are allowed to retain the profits and value from the development of the property originally owned by Plaintiff and

---

[15] Amended Crossclaim ¶ 1.

[16] Id. ¶ 6.

[17] Id. ¶ 7.

[18] Id. ¶ 8.

[19] Id. ¶ 10.

[20] Id. ¶¶ 11-12.

Plaintiff is awarded damages only against Ennis, these Defendants will be unjustly enriched."[21]

In order to prevail on his unjust enrichment cross-claim, Ennis must prove that (1) the Grand Valley Defendants received a benefit (2) at Ennis' expense (3) under circumstances that would make it unjust for the Grand Valley Defendants to retain the benefit without commensurate compensation to Ennis.[22] Unjust enrichment is "a judicially created remedy designed to avoid benefit to one to the unfair detriment of another."[23] "The concept of unjust enrichment centers attention on the prevention of injustice."[24]

The Grand Valley Defendants move to dismiss the unjust enrichment cross-claim on the ground that Ennis has not alleged that the Grand Valley Defendants engaged in any "improper, deceitful or misleading conduct" under DCB Construction Co. v. Central City Dev. Co..[25] However, the Colorado Supreme Court has made clear that the "improper, deceitful, or misleading conduct" requirement enunciated in DCB Construction applies only to a claim by a contractor against a landlord.[26] Since the

---

[21] Id. ¶ 13.

[22] See Salzman, 996 P.2d at 1265-66.

[23] Id. at 1265.

[24] Ninth Dist. Prod. Credit Ass'n v. Ed Duggan, Inc., 821 P.2d 788, 795 (Colo. 1991).

[25] 965 P.2d 115, 122 (Colo. 1998).

[26] See id. at 123 ("In order for a tenant's contractor to attach liability upon an owner of property under an unjust enrichment claim, the contractor must be able to show that the landlord has engaged in some form of improper, deceitful, or misleading conduct."); see also Lewis v. Lewis, 189 P.3d 1134, 1142 ("[In DCB Construction] we were quick to note that the requirement of malfeasance is specific to a contractor's claim that the landlord was unjustly enriched and did not extend to all unjust enrichment circumstances.").

present action is not one between a contractor and a landlord, the "improper, deceitful, or misleading conduct" requirement does not apply here.

The Grand Valley Defendants also assert that Ennis has not alleged sufficient facts to support his unjust enrichment claim under Twombly. Construing Ennis' *pro se* pleading liberally, the Court finds that the unjust enrichment claim is marginally sufficient to state a claim. Ennis alleges that he and the Grand Valley Defendants had equal ownership interests in GVED, that he participated in GVED's development of real property, and that at some point he was "expelled" from GVED. While not crystal clear, the claim further appears to allege that GVED earned a profit from the real property development,[27] but that the Grand Valley Defendants have refused to pay any share of that profit to Ennis. By so alleging, Ennis has pleaded minimally sufficient facts to indicate that the Grand Valley Defendants have unfairly retained a benefit which was due to Ennis. While the allegation that Ennis was "expelled" from the partnership raises the question of whether Ennis thereafter retained any right to profits under the LLC's operating agreement (if there indeed was an operating agreement) or through some other means, that question may be addressed on summary judgment. The pleading is marginally adequate at this stage of the proceedings under Twombly.

## IV. Breach of Fiduciary Duty Claim

Ennis' third cross-claim is one for breach of fiduciary duty against the Grand Valley Defendants. "In Colorado, the elements of a claim for breach of fiduciary duty are: (1) the defendant was acting as a fiduciary to the plaintiff; (2) the defendant breached a fiduciary duty to the plaintiff; (3) the plaintiff incurred damages or losses;

---

[27] See Amended Crossclaim ¶ 11.

(4) the defendant's breach of fiduciary duty was a cause of the plaintiff's damages or losses."[28] Here, Ennis alleges that Davis, Daly, and Uphold owe or owed a fiduciary duty to him as co-members of GVED. It appears that Ennis also is asserting that DDUE LLC, and Grand Valley Estates Development, LLC owe or owed him a fiduciary duty as well. Although Ennis does not identify the legal source of these alleged fiduciary duties,[29] again, the Court must construe Ennis' *pro se* pleading liberally, and it is sufficient at this point in the proceedings that Ennis has alleged that a fiduciary duty exists or existed. Whether there is an adequate legal source of that alleged duty is an issue that may be raised on summary judgment. Construing the pleading liberally, the Court further concludes that Ennis has sufficiently pleaded a breach of the asserted fiduciary duty and damages stemming therefrom under Twombly. Accordingly, it is

ORDERED that Defendants' Motion To Dismiss Ennis' Amended Crossclaim (Doc. No. 57) is granted in part and denied in part. It is

---

[28] In re Indian Motorcycle Mfg. Inc., 2006 WL 3086749 * 4 n.1 (D. Colo.) (citing CAI-Civ. 26:1).

[29] The Colorado Limited Liability Company Act, Colo. Rev. Stat. § 7-80-101 *et seq.,* does not appear to mandate that co-members of a limited liability company owe fiduciary duties to one another. See Colo. Rev. Stat. § 7-80-108 (1.5) ("*To the extent that* a member or manager or other person that is a party to, or is otherwise bound by, the operating agreement has duties, including, but not limited to, fiduciary duties, to a limited liability company or to another member, manager, or other person that is a party to or is otherwise bound by an operating agreement, the duties of such member, manager, or other person *may be restricted or eliminated* by provisions in the operating agreement, as long as any such provision is not manifestly unreasonable.") (Emphasis added).

FURTHER ORDERED that the motion is granted as to Ennis' first cross-claim for contribution against Logan Jeffrey Davis, and said cross-claim is dismissed. It is

FURTHER ORDERED that the motion otherwise is denied.

DATED at Denver, Colorado, this   20th   day of October, 2008.

BY THE COURT:

*[signature]*

ZITA . WEINSHIENK, Senior Judge
United States District Court